# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KIMSTELLA ANN BOLDEN,**

        **Plaintiff,**

**-vs-**                **Case No. 6:10-cv-733-Orl-28GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

 This cause came on for consideration, without oral argument, on the following motion:

> **MOTION:**   **PLAINTIFF'S UNCONTESTED PETITION FOR ATTORNEY'S FEES**
>       (Doc. No. 24)
>
> **FILED:**   **July 23, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

 On July 12, 2011, a judgment was entered reversing and remanding this case to the Commissioner of Social Security (hereafter "Commissioner") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 22. Plaintiff, Kimstella Ann Bolden, now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (hereafter "Motion"). Doc. No. 24. In the Motion, Plaintiff requests that the Court award her $4,154.91 in attorney's fees. Doc. No. 24 at 1.

1

In the Motion, and attached time sheet, counsel for Plaintiff, Richard A. Culbertson, Esq., states that he performed 22.5 hours of work on the case in 2010 at a rate of $175.05 per hour ($3,938.63) and 1.4 hours of work on the case in 2011 at a rate of $179.50 per hour ($251.30) for a total of $4,154.91 in attorneys' fees. Doc. No. 24 at 2, 12.[1] In the Motion, Plaintiff states that Mr. Culbertson's hourly rates do not exceed the statutory cap adjusted for inflation. Doc. No. 24 at 10. Plaintiff also indicates that she "assigned her right to attorney fees" to Mr. Culbertson and requests the Court "authorize payment to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the government." Doc. No. 24 at 2-3. The Motion is unopposed.

In *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524-30 (2010), the Supreme Court held that attorney's fees, pursuant to the Equal Access to Justice Act (hereafter "EAJA"), are awarded to the "prevailing party" or the litigant rather than the litigant's attorney. Thus, an award of EAJA fees should be made to Plaintiff as the prevailing party. *Id.*

In compliance with *Ratliff*, it is **RECOMMENDED** that:

1. The Motion be granted only to the extent that the Court awards EAJA attorney's fees to Plaintiff, as the prevailing party, in the sum of $4,189.93;

2. The Court otherwise deny the Motion; and

3. The Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[1] The Motion contains a mathematical error. The sum of the amounts total $4,189.93.

**RECOMMENDED** in Orlando, Florida on September 27, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Court Judge
Counsel of record
Unrepresented parties.